UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  23-2096-HLT-GEB |
| ) | |
| FOX RUN APARTEMENTS, LLC, ) | |
| PETERSON PROPERTIES, INC., ) | |
| MARILYN LIGHT, ) | |
| CHRISTY DONNICI, and ) | |
| DEBORAH ALEXANDER, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER

This matter comes before the Court on Plaintiff's Local Rule 5.4.2(c) Motion to Seal Defendants' Proposed Exhibit 2 and Exhibit 3 to Their Answer and Counterclaim ("Motion") **(ECF. No. 40)**. After review of Plaintiff's Motion and Defendants' Notice of Filing of Provisionally Sealed Records ("Notice") (ECF No. 37), and for the reasons set forth below, the Court **GRANTS** Plaintiff's Motion.

Defendants filed their Notice attaching four documents, Exhibits 2-5, to their Answer, Counterclaims, and Third Party Claim. Exhibit 2 is two pages of medical records for complainant Joseph Versola. Exhibit 3 is a two page interview by HUD of one of Joseph Versola's treating physicians. Exhibit 4 is a one page office note from the VA Hospital with information regarding a call from Joseph Versola. Exhibit 5 is one page of a HUD investigator's notes from a telephone call with one of Defendants' attorneys in this case.

1

Defendants' Notice sets forth their position on each exhibit. They seek to have Exhibits 2 and 3 open to the public and seek to publicly file redacted versions of Exhibits 4 and 5. Plaintiff does not object to the redacted versions of Exhibits 4 and 5 being filed publicly but argue that both Exhibits 2 and 3 should be sealed.

The Supreme Court recognizes a "general right to inspect and copy public records and documents, including judicial records and documents."[1] The Tenth Circuit specifically recognizes the public's right to access judicial records.[2] The public's right of access, however, is not absolute.[3] "Whether judicial records and other case-related information should be sealed or otherwise withheld from the public is a matter left to the sound discretion of the district court."[4] The party seeking to overcome the presumption of public access to court records has the burden to show "some significant interest that outweighs" the public interest in access to court proceedings and documents.[5] "This burden is 'heavy,' and sealing is appropriate only when the interest in confidentiality is 'real and substantial.'"[6] Nonetheless, the Court has discretion to seal documents if the competing interests outweigh the public's right of access.[7] The Court will examine the exhibits in turn.

---

1 *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).
2 *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).
3 *Nixon*, 425 U.S. at 598; *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).
4 *Mann,* 477 F.3d at 1149 (citing *Nixon*, 435 U.S. at 599).
5 *McWilliams v. Dinapoli*, 40 F.4th 1118, 1130 (10th Cir. 2022).
6 *Robinson v. Holmes,* No. 21-2602-DDC, 2022 WL 17569954, at *1 (D. Kan. Nov. 1, 2022) (quoting *McWilliams,* 477 F.3d at 1130)).
7 *Mann*, 477 F.3d at 1149; *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985).

### A.     Exhibits 2 and 3

Exhibit 2 is certain medical records of Joseph Versola which include his social and medical history, as well as then current medical issues. Exhibit 3 is the transcript of an interview of one of Joseph Versola's treating physicians and includes diagnoses, symptoms, treatment, social history, and medical opinion regarding Mr. Versola. Medical records are an example of the "types of private information this court has allowed to be sealed."[8] The Court finds complainant Joseph Versola has significant privacy interests in his medical diagnoses and treatment contained in his medical records and interview of his treating provider. The Court additionally finds his privacy interest is real and substantial which outweigh the public's right to access.[9]

### B.     Exhibits 4 and 5

Plaintiff does not object to the public filing of the redacted versions of Exhibits 4 and 5. However, the right of access protects the public, not just the parties,[10] thus the Court

---

[8] *Luo v. Wang*, 71 F.4th 1289, 1304 (10th Cir. 2023) (citing *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 905 (10th Cir. 2017)); *Stachmus v. Guardian Life Ins. Co. of America*, 853 Fed.Appx. 268, 273 (10th Cir. 1021).

[9] *Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124 (10th Cir. 2011) (sealed records which included the name of or personal and private medical information of ERISA plan participant's son where denial of benefits for son's treatment was at issue); *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1215 (10th Cir.2007) (granting motion to file portion of appendix under seal in an Americans with Disabilities Act retaliation case); *Ctr. for Legal Advocacy v. Hammons,* 323 F.3d 1262, 1273 (10th Cir.2003) (granting motion to transmit records relating to suicides and attempted suicides of mental health care patients under seal); *United States v. Dewey*, No. 14-10059-JWB, 2022 WL 1500663, at *1, n. 1 (D. Kan. May 12, 2022)(granting motion to seal pages containing medical records); *Robinson,* 2022 WL 17569954, at *1 (granting motion to seal unredacted medical records).

[10] *McWilliams,* 40 F.4th at 1131.

will independently decide whether the redaction is appropriate. Exhibit 4 is an office note from the VA Hospital regarding a call Joseph Versola made to follow up on the form for a companion pet at issue. Defendants suggest the document be publicly filed with redactions of information including Joseph Versola's diagnoses and medications. Exhibit 5 is one page of a HUD investigator's notes from a telephone call with one of Defendants' attorneys in this case. Hereto, Defendants suggest the document be publicly filed with redactions. The redactions include medical history and treatment related to Mr. Versola's son. The Court, like above, finds complainant Joseph Versola and his son have significant privacy interests in the medical histories, diagnoses, medications, and treatment contained in the redacted portions of Exhibits 4 and 5. The Court additionally finds their privacy interests are real and substantial which outweigh the public's right to access.

For the reasons set out above, the Court **GRANTS** Plaintiff's Local Rule 5.4.2 Motion to Seal Defendants' Proposed Exhibit 2 and Exhibit 3 to Their Answer and Counterclaim **(ECF. No. 40)**.

**IT IS THEREFORE ORDERED** Defendants' Provisionally Sealed Exhibits (ECF No. 37) shall remain sealed.

**IT IS FURTHER ORDERED** Defendant shall file the redacted versions of Exhibits 4 and 5 forthwith using the "Redacted Document" event.

**IT IS SO ORDERED.**

Dated this 17th day of November, 2023 at Wichita, Kansas.

                         s/ Gwynne E. Birzer
                         GWYNNE E. BIRZER
                         U.S. Magistrate Judge