UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FOX RUN APARTMENTS, LLC.,<br>PETERSON PROPERTIES, INC.,<br>MARILYN LIGHT, CHRISTY DONNICI,<br>and DEBORAH ALEXANDER,<br><br>    Defendants and Counterclaim and<br>    Third-Party Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HOUSING AND URBAN<br>DEVELOPMENT;<br><br>    Counterclaim Defendant and Third-<br>    Party Defendant. | Case No. 23-2096-HLT-GEB |

**ORDER**
**MEMEORIALIZING RULING FROM DECEMBER 7, 2023 CONFERENCE**

On December 7, 2023 the Court conducted a Status Conference to discuss any modifications to the schedule necessary following Defendants filing of a Counterclaim and Third-Party Complaint. Plaintiff, Counterclaim Defendant, and Third-Party Defendant appeared through counsel Alisha Jarwala and Andrea Taylor. Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiffs appeared through counsel Luke Demaree. The day prior to the conference, Plaintiff filed its **Motion to Stay Discovery ("Motion") (ECF No. 67)**. After recognizing Plaintiff did not comply with local rule by requesting a pre-motion conference, the Court heard arguments from counsel and orally **GRANTED in part and**

1

**DENIED in part** Plaintiff's Motion. This Order memorializes the rulings from the conference.

In Plaintiff's Motion, the government announced it proposed filing a joint notice to voluntarily dismiss the United States' Complaint against Defendants and Defendants' Third-Party Complaint against the United States Department of Housing and Urban Development ("HUD"). It alleged the parties were working on the terms of dismissal and asked the Court to stay discovery for: 1) all claims alleged in Plaintiff's original Complaint (ECF No. 1); and 2) on the claims in Defendants' Counterclaims (ECF No. 28) and Third-Party Complaint (ECF No. 29) until Defendants either voluntarily dismissed their claims or the Court rules on Plaintiff's Motion to Dismiss them. After discussion it became clear although complainants Joseph and Isaiah Versola no longer wished to pursue the claims brought by Plaintiff on their behalf, there was no meeting of the minds among the parties on either the terms of any release of the Versolas' claims or any agreement regarding the voluntary dismissal of the Counterclaim and Third-Party Complaint. Where the deadline for the close of discovery is set to run on December 15, 2023 and no extension of the deadline is permitted at this time, the Court **DENIED** Plaintiff's Motion with regard to the claims in the original Complaint to permit the parties to complete any discovery they might need should the proposed settlement not be consummated.

Next, the parties discussed the requested stay of discovery on the claims in the Counterclaim and Third-Party Complaint. The government's pending Motion to Dismiss the Fox Run Parties' Counterclaims and Third-Party Complaint (ECF No. 51) raises multiple arguments including the United States, as sovereign, is immune from suit except

where it consents to be sued. The Court does not need to delve deeply into the government's argument for its purposes here. Suffice it to say, the government argues it has not waived immunity to permit Defendants to bring the state law claims against HUD and any employees of that agency included in their Counterclaim and Third-Party Complaint.

A Court "has broad discretion to stay proceedings as an incident to its power to control its own docket."[1] Although the "bulk of authority in this district for staying discovery pending the court's resolution of immunity issues involves a defendant's assertion of qualified immunity,"[2] the rationale for the stay with either immunity is essentially the same.[3] "The Supreme Court has recognized where a defense of qualified immunity has been raised, '[u]ntil [the] threshold immunity question is resolved, discovery should not be allowed.'"[4] The Tenth Circuit has found "no logical reason why this rule should not apply" where a party raises "the defense of sovereign immunity and the defense is primarily one of law."[5] Therefore, the Court **GRANTS** Plaintiff's Motion with regard to the claims in Defendants' Counterclaim and Third-Party Complaint.

For the reasons discussed at the December 7th hearing and as set forth above, Plaintiff's Motion to Stay Discovery **(ECF No. 67)** is **GRANTED in part and DENIED in part.**

---

[1] *Clinton v. Jones*, 520 U.S. 681, 706, (1997) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)).
[2] *Jackson v. United States*, No. 22-2357-KHV, 2022 WL 17555306, at *2 (D. Kan. Dec. 9, 2022).
[3] *Id.*
[4] *Liverman v. Comm. on the Judiciary, U.S. House of Reps.,* 51 F. App'x 825, 827 (10th Cir. 2002) (quoting *Siegert v. Gilley*, 500 U.S. 226, 231 (1991)).
[5] *Id.* at 827.

IT IS SO ORDERED.

Dated December 12, 2023, at Wichita, Kansas.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
U.S. Magistrate Judge

4